**SO ORDERED.**

**SIGNED this 06 day of June, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

    JEREMY LEE CRIBB and
    AMY AMANDA CRIBB,

           Debtors.                          Case No. 07-01415-8-JRL
                                                          Chapter 13

_____

**ORDER**

The matter before the court is the debtors' motion to incur debt. On May 16, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On April 16, 2007, the debtors filed for relief under Chapter 13. The debtors request permission to incur debt in the approximate amount of $250,000.00. The amount would be used to pay off secured claims, including Cape Fear Farm Credit in the approximate amount of $105,592.18, McArthur Supply in the approximate amount of $52,592.83, and Sports Industries of America, Inc. ("Sports Industries") in the approximate amount of $21,740.58. The remainder of the construction loan would be used to complete the construction of the debtors' home. The trustee objects to the motion. Cape Fear Farm Credit and Sports Industries are in favor of the motion to incur debt.

The male debtor testified in support of the motion. The debtors live in a mobile home on 2.38 acres of real property located at 1528 Feed Mill Road in Whiteville, North Carolina. In 2005, the debtors obtained a construction loan in the amount of $229,000.00 through Cape Fear Farm Credit to build a two-story house on the subject property. Construction began in November 2005; however, changes were made to the construction plan in 2006. The contractor failed to include all of the square footage for the two-story garage. As a result, the contractor agreed to include the original garage as part of the house and build an additional garage with the desired square footage at the same price. In 2006, the male debtor was diagnosed with multiple sclerosis, and the debtors made some changes to the construction plan in order to make the house handicap accessible. All of the changes considerably increased the square footage of the house.

An agent from Cape Fear Farm Credit inspected the property prior to a draw on the loan. Cape Fear Farm Credit determined that the debtors were in default on the loan for making changes to the structure of the house without Cape Fear Farm Credit's approval. While the contractor agreed to build the home with the changes at the same original price, Cape Fear Farm Credit concluded that the contractor's offer was unfeasible. Cape Fear Farm Credit terminated the loan after lending the debtors approximately $95,000.00.

After Cape Fear Farm Credit terminated its loan with the debtors, the debtors consulted other lenders who refused to loan funds based on the status of the construction project. The debtors used their own funds in order to finish 75% of the construction on the house. The unfinished house is insured and is enclosed with windows, doors, and brick exterior. The most recent tax assessment of the real property, including the unfinished house, reflects a value of approximately $185,000.00 to $190,000.00. The male debtor has been told that it will take approximately $75,000.00 to

$100,000.00 to finish construction on the house. The debtors have been in contact with a local bank, family, and friends regarding an additional loan to payoff the secured creditors and to finish construction on the house.

The debtors jointly operate a bowling alley in Whiteville, North Carolina. The bowling alley grosses approximately $300,000.00 to $350,000.00 annually. The female debtor is expected to receive income in the approximate amount of $58,000.00 to $60,000.00 this year from the bowling alley. The male debtor does not receive income from the bowling alley. The debtors intend to fund their Chapter 13 plan through the female debtor's income from the bowling alley. The debtors' Schedule I fails to reflect any income for either debtor. The debtors' Schedule J reflects monthly expenses of $5,248.12.

Prior to filing their bankruptcy petition, the debtors also operated a restaurant in Whiteville, North Carolina. Since the restaurant closed on March 30, 2007, the owners of the restaurant building have refused to allow the debtors to access the building in order to obtain their restaurant supplies and equipment, including financial records. The debtors need to access their financial records in order to file their tax returns for 2003 through 2006. A motion for turnover of the debtors' financial records and other possessions is scheduled for hearing this month in Wilmington, North Carolina.

Based on the testimony provided at the hearing, the court generally approves the debtors' motion to incur debt under the following conditions:

(1) The debtors have 90 days from entry of this order to negotiate a construction loan that will pay off the secured claims of Cape Fear Credit, McArthur Supply, and Sports Industries and that will allow the debtors to complete construction of their home;

(2) Within the 90-day period, the debtors shall file a motion with the court seeking final

3

approval of the terms of the proposed loan;

       (3)       The debtors' Schedule I shall be amended to accurately reflect their monthly income; and

       (4)       The debtors shall clarify the tax issues in this case and whether they owe any income taxes for previous years.

"END OF DOCUMENT"